IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA TAYLOR, on Behalf of | § | |
| KEVIN R. GORDON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| OWEN MURRAY, Executive | § | CIVIL ACTION NO. H-06-2792 |
| Director of Clinical Services | § | |
| of UTMB Correctional Managed | § | |
| Health Care Providers for | § | |
| Texas Dept. of Criminal | § | |
| Justice, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Rhonda Taylor, brings this action on behalf of her son, Kevin R. Gordon, an inmate confined by the Texas Department of Criminal Justice, against Owen Murray, Executive Director of Clinical Services of UTMB Correctional Managed Health Care Providers for Texas Department of Criminal Justice, for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134, and the Rehabilitation Act of 1973, 29 U.S.C.§ 794. Pending before the court is Defendant Owen Murray's Partial Motion to Dismiss Pursuant to Rule 12(b)(6), Rule 12(b)(4) & (5) and Rule 17(a) (Docket Entry No. 9). For the reasons set forth below, defendant's motion will be denied.

### **I.   Motion to Dismiss Under Rule 12(b)(6)**

Asserting that neither the Rehabilitation Act nor Title II of the Americans with Disabilities Act (ADA) provide for suits against individuals, defendant argues that plaintiff's claims should be dismissed under Rule 12(b)(6) because he "is not the proper party for the causes of action alleged by [p]laintiff" regardless of whether she is suing him in his official or his individual capacity.[1]  Defendant argues that

> [p]laintiff sues the "executive director", who, in his official capacity may be deemed the "agency" for some purposes cannot be so deemed in this case because he does not offer programs and services which are receiving Federal financial assistance.  Only the public entity itself can receive federal financial assistance and offer programs and services. As such, Defendant Owen Murray is not the proper party.  Therefore, Defendant Owen Murray moves for plaintiff's cause to be dismissed in its entirety.[2]

Apart from the underlying statutes, defendant cites no authority for his argument that plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to name the proper party defendant, and the court finds none.

In the "Statement of the Case" set forth at the beginning of his motion to dismiss, the defendant acknowledges that the plaintiff's allegations have been asserted against him in his

---

[1] Defendant Owen Murray's Partial Motion to Dismiss Pursuant to Rule 12(b)(6), Rule 12(b)(4) & (5) and Rule 7(a), Docket Entry No. 9, p. 2.

[2] Id.

official capacity.[3] The Supreme Court has expressly stated that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . As such, it is no different from a suit against the State itself." Will v. Mich. Department of State Police, 109 S.Ct. 2304, 2312 (1989). See also Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985) ("Official-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent. Monell v. New York City Department of Social Services, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978)."); accord McCarthy v. Hawkins, 381 F.3d 407, 414 (5th Cir. 2004).

In McCarthy, 381 F.3d at 407, mentally disabled state residents brought an action against state officers alleging that the officers failed to adequately provide community-based living options to individuals with mental retardation and other developmental disabilities in violation of, inter alia, the Rehabilitation Act and the ADA. The State of Texas argued that "a state officer is not a proper defendant under Title II [of the ADA]; only public entities can be sued under the statute." Id. at 413. The plaintiffs argued in response that "Title II can be enforced . . . against state officers, even though the substantive requirements of

---

[3] Id. at p. 1 (stating "Plaintiff alleges that Defendant, in his official capacity, discriminated against her son on the basis of his alleged disability").

the statute apply only to public entities, because a suit against a state officer in her official capacity is really a suit against the state agency itself." Id.  The Fifth Circuit agreed and held that state officers in their official capacities are proper defendants in suits brought under Title II of the ADA. Id. at 414.

Although McCarthy only involved claims for prospective injunctive relief and did not involve claims for monetary damages, since the defendant in this action seeks dismissal on grounds that he is not the proper defendant for the causes of action alleged, the court is persuaded that the Fifth Circuit's holding in McCarthy applies to all actions brought under Title II of the ADA regardless of the type of relief sought.[4]  See Dunion v. Thomas, ___ F.Supp.2d ____, 2006 WL 2946224 (D. Conn. Oct. 16, 2006) (Title II action against state officials in their official capacities for monetary

---

[4]The McCarthy plaintiffs appear to have sought only prospective injunctive relief because in Reickenbacker v. Foster, 274 F.3d 974, 976 (5th Cir. 2001), the Fifth Circuit held that Title II claims for monetary damages brought against state agencies were barred by the Eleventh Amendment.  However, in Pace v. Bogalusa City School Board, 403 F.3d 272, 277 n.14 (5th Cir.) (en banc), cert. denied, 126 S.Ct. 416 (2005), the Fifth Circuit recognized that "[t]he continuing validity of Reickenbacker following the Supreme Court's decision in Tennesse v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004), is uncertain.  At the very least, its holding has been overruled as to Title II claims implicating a person's fundamental right of access to the courts."  Moreover, earlier this year the Supreme Court held that claims for monetary damages brought under Title II of the ADA are not barred by the Eleventh Amendment when the conduct alleged violates the Fourteenth Amendment.  See United States v. Georgia, 126 S.Ct. 877, 882 (2006) ("insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity).

damages). Accordingly, the court is not persuaded that this action should be dismissed under Rule 12(b)(6) because the defendant is not a proper party.

### II. Motion to Dismiss Under Rule 12(b)(4) and (5)

Asserting that

> [p]laintiff's summons sets forth the served party as "Owen J. Murray, Executive Director of Clinical Services of UTMB Correctional Managed Health Care Providers for Texas Dept. of Criminal Justice." As such, it is not clear that University of Texas Medical Branch has been properly served as a party to this case. Therefore, Defendant Owen Murray moves for dismissal of this cause based upon Plaintiff's failure to serve the proper party.[5]

Since the defendant has acknowledged that the claims asserted against him in this action are asserted against him in his official capacity, and the court has already concluded that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and a]s such . . . [is] no different from a suit against the State itself," Will, 109 S.Ct. at 2312, the court is not persuaded that plaintiff has failed to serve the proper party. On the contrary, the Supreme Court has explained that

> [a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . It is *not* a suit against the

---

[5] Defendant Owen Murray's Partial Motion to Dismiss Pursuant to Rule 12(b)(6), Rule 12(b)(4) & (5) and Rule 7(a), Docket Entry No. 9, p. 3.

>official personally, for the real party in interest is the entity.  Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

Graham, 105 S.Ct. at 3105.  Accordingly, the court is not persuaded that this action should be dismissed under Rule 12(b)(4) or (5) because the plaintiff has failed to serve the proper party.

### III.  Rule 17(a) Motion

Asserting that

>Plaintiff Rhonda Taylor attached as "Exhibit A" some documents purporting to be "Letters of Guardianship" which expires December 6, 2006.  It is not clear from Plaintiff's documents that, indeed, Kevin R. Gordon, if he is taking the requisite medications, does not have the capacity to prosecute this case in his own name or on his own behalf.  Therefore, until further information is provided which demonstrates Kevin R. Gordon's inability to sue on his own behalf, Defendant objects to this action being prosecuted by Plaintiff Rhonda Taylor.[6]

"A preliminary, pre-answer objection that the plaintiff is not the real party in interest is analogous to a motion under Federal Rule of Civil Procedure 12(b)(6)."  Magallon v. Livingston, 453 F.3d 268, 271 (5th Cir.), cert. denied, 126 S.Ct. 2974 (2006) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1554 (2d ed. 2006)).  "Once a district court has decided that an action is not prosecuted by the real party in interest, it must then decide what remedy is appropriate."  Id.

---

[6] Id. at p. 3.

Rule 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest. A[]. . . guardian . . . may sue that person's name without joining the party for whose benefit the action is brought."  Defendant cites the expiration date of the Letters of Guardianship included in Exhibit A to the plaintiff's Original Complaint without citing the supporting Order Appointing Permanent Guardian of the Person filed on August 25, 2004, in Action No. 20040038 GDN by the County Court of McLennan County, Texas, also included in the same exhibit.  That order states that

> [o]n the 25th day of August, 2004, came on to be heard the Application for Appointment of Permanent Guardian of the Person of Kevin R. Gordon, an Adult ("Proposed Ward") . . . after considering this Application, the Court finds by clear and convincing evidence that Proposed Ward is an incapacitated person; that it is in the best interest of the Proposed Ward to have the Court appoint a Guardian of the Person of Proposed Ward; and that the rights of Proposed Ward will be protected by the appointment of a guardian.
>
> . . .
>
> . . . that Kevin R. Gordon is totally incapacitated and a full guardianship over the Person of the incapacitated person should be granted; . . .
>
> IT IS, THEREFORE, ORDERED by this Court that RHONDA TAYLOR is appointed Guardian of the Person of KEVIN R. GORDON, an Incapacitated Person . . .; that Letters of Guardianship be issued to Rhonda Taylor upon her filing of an Oath of office and giving a bond . . .
>
> . . .
>
> IT IS FURTHER ORDERED that the term of this guardianship shall be until Ward is restored to full

      legal capacity, dies, or until the Court determines this matter shall be terminated.[7]

Rule 17(c) states that "[w]henever an infant or incompetent person has a representative, such as a general guardian, . . . or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person."  Since plaintiff has attached a certified copy of the order appointing her guardian of Kevin R. Gordon's person, and since defendant does not challenge the validity of this order, and does not even argue that Kevin R. Gordon is taking medications that provide him the capacity to prosecute this case in his own name on his own behalf, the court overrules defendant's objection to this action being prosecuted by plaintiff Rhonda Taylor on behalf of her ward, Kevin R. Gordon. Accordingly, the court is not persuaded that this action should be dismissed under Rule 12(b)(6) because it is being prosecuted by Rhonda Taylor on behalf of her son and ward, Kevin R. Gordon.

## IV.  Order

For the reasons explained above, Defendant Owen Murray's Partial Motion to Dismiss Pursuant to Rule 12(b)(6), Rule 12(b)(4) & (5) and Rule 17(a) (Docket Entry No. 9) is **DENIED**.

The November 17, 2006, initial conference provided for in the Order for Conference and Disclosure of Interested Parties (Docket

---

[7] Order Appointing Permanent Guardian of the Person, Exhibit A included in Docket Entry No. 3.

Entry No. 4) is **CANCELED,** and by this Memorandum Opinion and Order the initial conference is **RESET** to December 15, 2006, at 2:00 p.m. at the United States Courthouse, Courtroom 9-B, 9th Floor, 515 Rusk Avenue, Houston, Texas 77002.  Since the defendant's description of plaintiff's claims includes the statement that "Plaintiff has also sued Texas Department of Criminal Justice in a related, but separate, case, filed on the same day with the same allegations and exhibits known as Case No. 06-CV-2790,"[8] the parties should be prepared to discuss at the initial conference whether, in light of the earlier filed related action, this action should be dismissed or the two related actions should be consolidated.

**SIGNED** at Houston, Texas, on this 27th day of October, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[8] Id. at p. 2.